931 F.2d 886
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles FRUHWIRTH, Plaintiff-Appellant,
v.
BALTIMORE CITY POLICE DEPARTMENT, Edward V. Woods,
Commissioner, Defendants-Appellees.
 No. 90-1495.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1991.
Decided April 25, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, District Judge. (CA-89-2359-MJG)
 Michael Lawrence Marshall, Schlachman, Belsky and Weiner, P.A., Baltimore, (argued) for appellant; Herbert R. Weiner, Schlachman, Belsky and Weiner, P.A., Baltimore, Md., on brief.
 William Rowe Phelan, Jr., Senior Solicitor, Department of Law, Baltimore, Md., for appellees; Neal M. Janey, City Solicitor, Department of Law, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and BRITT, United States District Judge for the Eastern District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 The plaintiff-appellant, Charles Fruhwirth, a Baltimore City police officer, seeks to enjoin a hearing on disciplinary charges lodged against him following a telephone conversation which he had initiated. The call was to the dispatcher at the Southwest District of the Baltimore City police department. Fruhwirth, feeling the dispatcher was unhelpful, and also thinking that he had terminated the call, had unburdened himself of remarks about the dispatcher. Actually, the line remained open and Fruhwirth was overheard and recorded by the dispatcher. He used one scatological term, and suggested, in crude, uncomplimentary terms, that the dispatcher was of African origin.
 
 
 2
 District Judge Marvin J. Garbis, in a succinct yet comprehensive opinion, and despite cries that First Amendment Constitutional guarantees of the exercise of the rights of free speech were being punished, has applied the doctrine of Younger v. Harris, 401 U.S. 37 (1971), to abstain from granting the requested injunctive relief. He felt it preferable to leave the matter to state administrative and judicial proceedings.
 
 
 3
 We affirm the opinion of the district court, Fruhwirth v. Baltimore City Police Dep't, No. 89-2359 (D.Md., May 25, 1990), wherein it is observed that leaving the matter in state hands would serve "an important state interest." That avoided, on behalf of comity, the resolution of the tangled question of whether Fruhwirth's case presents one of those relatively rare occasions when "free speech" may be too free to merit constitutional protection (e.g., the false cry of "Fire" in a crowded theatre).
 
 The judgment is accordingly
 
 4
 AFFIRMED.